UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE HONOR RICH, | |
| Plaintiff, | Case No. C20-1220-RAJ-MLP |
| v. | ORDER |
| EXECUTIVE OFFICE OF IMMIGRATION REVIEW, | |
| Defendant. | |

## I.   INTRODUCTION

On October 19, 2020, Plaintiff Katherine Rich ("Ms. Rich"), an attorney proceeding *pro se*, filed a Motion for Attorney's Fees ("Plaintiff's Motion") in this matter. (Pl.'s Mot. (Dkt. # 5).) Defendant Executive Office of Immigration Review ("EOIR") opposed Plaintiff's Motion. (Def.'s Resp. (Dkt. # 8).) Plaintiff did not file a reply. Having considered the parties' submissions, the balance of the record, and the governing law, Plaintiff's Motion (dkt. # 5) is DENIED, as explained further below.

## II.   BACKGROUND

Ms. Rich is an attorney licensed to practice law in the State of Washington who represents low-income clients in immigration matters. (Compl. (Dkt. # 1) at 2.) Relevant to this

ORDER - 1

matter, Ms. Rich represents O.L.R., a non-detained alien, in his immigration proceedings. (*Id.* at 3.) On February 11, 2020, Ms. Rich filed a Freedom of Information Act ("FOIA") request for documents from EOIR seeking copies of O.L.R.'s, and his wife F.D.J.R.A.'s, records from their consolidated EOIR removal proceedings via e-mail. (*Id.*) Specifically, Ms. Rich sought a copy of O.L.R.'s stamped EOIR-42B application from the Seattle Immigration Court. (*Id.* at 4.)

On February 14, 2020, EOIR mailed a letter of acknowledgement to Ms. Rich that it was in receipt of her FOIA request. (Compl. at 3.) Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), EOIR was required to respond to Ms. Rich's FOIA request within 20 business days. However, EOIR's letter stated that Plaintiff's request involved "unusual circumstances," and as a result, EOIR was extending its time period to respond by 10 additional working days pursuant to 5 U.S.C. § 522(a)(6)(B)(i). (Souza Decl. (Dkt. # 9) at ¶ 10.) The 30-day deadline to respond to Ms. Rich's FOIA requests expired on March 25, 2020. (*Id.*)

On March 10, 2020, the Seattle Immigration Court shut down due to the COVID-19 pandemic before reopening in a limited capacity to answer phone calls and receive mail on March 16, 2020. (MacAdam Decl. (Dkt. # 11) at ¶ 6.) The Seattle Immigration Court operated in this limited capacity throughout the majority of 2020 and was further limited due to a transfer of location from July 20, 2020, through August 17, 2020. (*Id.* at ¶¶ 7-8.) As a result, the Seattle Immigration Court had minimal capacity to facilitate record requests. (*Id.* at ¶ 10.) Additionally, the Seattle Immigration Court was unable to facilitate requests that required retrieval of records from the Seattle Federal Records Center ("FRC") because the FRC was either closed due to the COVID-19 pandemic or working with minimal staff who only processed urgent requests for detained aliens. (*Id.* at ¶ 9.) On or around September 2020, the Seattle FRC began processing requests concerning non-detained alien records at a 25-percent personnel capacity. (*Id.* at ¶ 11.)

1    EOIR notes, due to the COVID-19 pandemic, it also began functioning primarily through

2    telework on March 16, 2020, which impacted its ability to process FOIA requests. (Souza Decl.

3    at ¶ 11.)

4         On April 15, 2020, EOIR issued a partial response to Ms. Rich's requests by providing

5    digital audio recordings of the requested proceedings due to their immediate availability. (Souza

6    Decl. at ¶ 12.) Throughout the next several months, Ms. Rich alleges she contacted EOIR on

7    multiple occasions after not receiving a full response by the 30-day deadline. (Pl.'s Mot. at 2-3.)

8    On July 21, 2020, Ms. Rich filed a second FOIA specifically requesting "O.L.R.'s court-stamped

9    Form EOIR-42B." (*Id.* at 3.)

10        On August 12, 2020, Ms. Rich filed the instant action. (*See* Compl.) On September 10,

11   2020, an EOIR attorney advisor notified its FOIA component to check on the requested records

12   and see if they could be ordered as "urgent." (Souza Decl. at ¶ 13.) On September 11, 2020,

13   EOIR FOIA's component contacted the Seattle Immigration Court and asked that the requested

14   records be sent overnight. (Souza Decl. at ¶ 14; MacAdam Decl. at ¶ 12.) The records for O.L.R.

15   were located at the Seattle FRC and the records for F.D.J.R.A. were located at the Seattle

16   Immigration Court and both were sent out for processing. (Souza Decl. at ¶ 14; MacAdam Decl.

17   at ¶¶ 12-13.) (*Id.*) On September 21, 2020, EOIR sent F.D.J.R.A's requested records to Ms. Rich.

18   (Souza Decl. at ¶ 15.) On September 23, 2020, EOIR sent O.L.R.'s records. (*Id.* at ¶ 16.)

19        On September 22, 2020, Ms. Rich served this action to EOIR by certified mail, and on

20   September 24, 2020, Ms. Rich alleges she received the requested records. (Pl.'s Mot. at 3.) Ms.

21   Rich requests $2541.50 in attorney's fees, and $409.50 in litigation costs, for a total award of

22   $2951.00 based on EOIR's failure to timely facilitate her FOIA request. (*Id.* at 2, 15.)

23

ORDER - 3

### III.     DISCUSSION

FOIA authorizes district courts discretion to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To obtain attorney's fees under FOIA, "a plaintiff must demonstrate both eligibility and entitlement to the award." *Or. Nat'l Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009); *see also Long v. U.S. Internal Revenue Serv.*, 932 F.2d 1309, 1313 (9th Cir. 1991). Eligibility for an award of attorney's fees and litigation costs requires a plaintiff to show that he or she "has substantially prevailed" in its FOIA suit by obtaining relief through either: (1) a judicial order, or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the plaintiff's claim is not insubstantial. 5 U.S.C. §§ 552(a)(4)(E)(i)-(ii); *see First Amendment Coal. v. U.S. Dep't of Justice*, 878 F.3d 1119, 1126 (9th Cir. 2017).

The Supreme Court has previously held that a *pro se* litigant, who is also a lawyer, may not be awarded attorney's fees under statutory fee-shifting statutes. *Kay v. Ehrler*, 499 U.S. 432, 438 (1991). In *Kay*, the Supreme Court held that an attorney who represented himself in a successful civil rights case *pro se* could not recover attorney's fees under 42 U.S.C. § 1988. *Id.* The Supreme Court reasoned that:

> A rule that authorizes awards of counsel fees to pro se litigants – even if limited to those who are members of the bar – would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Id.*; *see also U.S. S.E.C. v. Chapman*, 602 Fed.App'x 407 (9th Cir. 2015) (denying *pro se* attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)); *Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006), *abrogated on other grounds by Citizens for Free*

*Speech, LLC v. Cty. of Alameda*, 953 F.3d 655 (9th Cir. 2020) ("*Kay* imposes a general rule that pro se litigants, attorneys or not, cannot recover statutory attorneys' fees.").

Since *Kay*, courts have generally followed its rule when considering requests for attorney's fees by *pro se* attorneys under FOIA. *See Burka v. U.S. Dept. of Health and Human Servs.*, 142 F.3d 1286, 1289-90 (D.C. Cir. 1998) ("In the wake of the Court's decision in *Kay,* lower courts have held that several different fee-shifting statutes, including FOIA, preclude awards of fees to all persons who appear *pro se.*"); *Manos v. U.S. Dep't of Air Force*, 829 F.Supp. 1191, 1192-93 (N.D. Cal. 1993) ("Because substantially similar policies underlie the attorneys' fees provisions of FOIA and section 1988, *Kay* strongly supports a denial of fees under FOIA to *pro se* attorney plaintiffs."). In addition, the Ninth Circuit has routinely held that *pro se* litigants, in general, are not entitled to attorney's fees in FOIA actions. *See e.g., Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986); *see also Mayock v. I.N.S.*, 736 F.Supp. 1561, 1563 (N.D. Cal. 1990) ("[T]his court agrees that *pro se* plaintiffs who happen to be attorneys should not be treated differently from *pro se* litigants who are not attorneys."); *Chourre v. I.R.S.*, 203 F.Supp.2d 1196, 1201 (W.D. Wash. 2002).

Here, it is clear that Ms. Rich may not recover her attorney's fees under FOIA. Ms. Rich brought this action in her name, and not on behalf of O.L.R. or F.D.J.R.A., to recover fees she alleges were accrued based on her time expended as an attorney seeking the requested FOIA documents. (Pl.'s Mot. at 2-3.) But as previously explored above, Ms. Rich may not be awarded attorney's fees because she is an attorney litigant acting *pro se*. *See Kay*, 499 at 438; *Carter*, 780 F.2d at 1481.

The only remaining question in this case is whether Ms. Rich should be awarded her litigation costs. *See Carter,* 780 F.2d at 1481 (9th Cir. 1986); *see also Laughlin v. C.I.R.*, 117

ORDER - 5

F.Supp.2d 997, 1002 (S.D. Cal. 2000). In order to show a voluntary or unilateral change in position by the agency—to be eligible for an award of litigation costs—the plaintiff must demonstrate "a causal nexus between the litigation and the voluntary disclosure or change in position by the Government." *First Amendment Coal.*, 878 F.3d at 1128. This requires that plaintiff "present 'convincing evidence' that the filing of the action 'had a substantial causative effect on the delivery of the information.'" *Id.* (quoting *Church of Scientology of Cal. v. U.S. Postal Serv.*, 700 F.2d 486, 491 (9th Cir. 1983)). In determining whether the suit had a "substantial causative effect" on the change in position, the Ninth Circuit has outlined that Court should consider: (1) when the documents were released; (2) what actually triggered the documents' release; and (3) whether plaintiff was entitled to the documents at an earlier time. *Id.* at 1129 (citing *Church of Scientology*, 700 F.2d at 492).

Here, Ms. Rich has additionally failed to demonstrate she has "substantially prevailed" in this matter for an award of litigation costs. Ms. Rich contends EOIR's delay in releasing the requested FOIA records until it was in receipt of her suit demonstrates she "substantially prevailed." (Pl.'s Mot at 6-9.) Ms. Rich submitted her initial FOIA request on February 11, 2011, and received the requested records on September 24, 2020. (*Id.* at 2-3.) Though it is clear from the record that Ms. Rich did not receive the requested FOIA documents within the enumerated 30-day deadline, EOIR has submitted substantial evidence that the delay in processing her request occurred due to the COVID-19 pandemic's impact on EOIR, the Seattle Immigration Court, and the Seattle FRC's ability to process record requests for non-detained aliens. (*See* Souza Decl. at ¶¶ 12-16; MacAdam Decl. at ¶¶ 6-12.) Moreover, Ms. Rich's argument that she only received the records after serving this action on EOIR is unavailing because EOIR was in the process of facilitating her request once the Seattle FRC was capable of processing requests in

ORDER - 6

early September 2020. *See First Amendment Coal.*, 878 F.3d at 1128 (quoting *Church of Scientology*, 700 F.2d at 491-92) ("[The mere fact that information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has 'substantially prevailed.'") (internal quotations omitted). Consequently, Ms. Rich did not "substantially prevail" in this matter, and therefore, is not eligible for her litigation costs.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion (dkt. # 5) is DENIED. The Clerk is directed to send copies of this Order to the parties and to the Honorable Richard A. Jones.

Dated this 6th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7